IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Victor FONSECA,<br><br>                Plaintiff,<br>v.<br><br>United States Immigration and Customs Enforcement; Tony PHAM and Tae JOHNSON, Acting Director and Deputy Director of U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; Chad WOLF, Secretary of the U.S. Department of Homeland Security; Nathalie ASHER, Director of the Seattle Field Office of the United States Immigration and Customs Enforcement; and Bryan WILCOX, Deputy Field Office Director for the Seattle Field Office of the United States Immigration and Customs Enforcement; Sheri MALAKHOVA, Clinical Director for ICE Health Services Corps at Northwest ICE Processing Center,<br><br>                Defendants. | NO.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Complaint for Injunctive and
Declaratory Relief
Page 1 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

## I – INTRODUCTION

1.1 Defendants DHS, ICE, Pham, Johnson, Asher, Wolf, Wilcox, and Malakhova are detaining Plaintiff indefinitely at the TIPC, under the custody of Defendant Immigration Customs Enforcement ("ICE").

1.2 Plaintiff, who is without any economic or social power, sought to exercise his First Amendment rights of free speech to reach the public and the right to petition the government about U.S. immigration policies and the conditions of his forced detention at the Tacoma ICE Processing Center ("TIPC").

1.3 ICE, and its parent agency, Defendant U.S. Department of Homeland Security ("DHS"), in retaliation against Plaintiff for the hunger strike and exercise of his First Amendment rights, plan to force feed Plaintiff. ICE has followed through on similar threats in the past and obtained at least six orders in sealed cases in the Western District of Washington, to force feed detained people.

1.4 Force feeding is a violent act that brings disorder to an otherwise peaceful and orderly exercise of First Amendment rights, violative of Plaintiff's Fifth Amendment right to refuse medical treatment, and designed to deter Plaintiff and other detained people from exercising their First Amendment rights.

## II – JURISDICTION

This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (waiver of sovereign immunity), and 28 U.S.C. § 1343 (original jurisdiction).

## III – VENUE

Venue is proper in the Western District of Washington under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and continue occur, in this District.

## IV – PARTIES

4.1 Plaintiff Victor Fonseca is being held in custody at the TIPC in Tacoma, Washington, by ICE.

Complaint for Injunctive and
Declaratory Relief
Page 2 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

4.2	Defendant ICE is a federal law enforcement agency within the Department of Homeland Security ("DHS").  ICE is responsible for the administration and enforcement of immigration laws, including detention, incarceration, and removal of immigrants.  ICE discharges its responsibility for incarceration of immigrants by (1) promulgating detention standards to be followed in the facilities in which immigrants are being held pending removal hearings, and (2) contracting with the government entities and private corporations that operate detention facilities, including the TIPC.  Enforcement and Removal Operations ("ERO"), a division of ICE, manages and oversees the immigration detention system.  ICE contracts with the GEO Group, Inc., to carry out its directives at the TIPC.

4.3	Defendant Tae Johnson is Deputy Director of ICE and Defendant Tony Pham is Acting Director of ICE.  As Deputy Director and Acting Director, Defendants Johnson and Pham are responsible for ICE's policies, practices, and procedures, including those relating to the detention and treatment of immigrants during their removal procedures.

4.4	Defendant U.S. Department of Homeland Security is the federal department that exercises authority and oversight over Defendant ICE.

4.5	Defendant Chad Wolf is the Secretary and highest-ranking member of DHS.  As Secretary of DHS, Defendant Wolf is responsible for DHS's policies, practices, and procedures and exercises authority and oversight over ICE.

4.6	Defendant Nathalie Asher is Field Office Director for the Seattle Field Office of ICE.  The Seattle Field Office is responsible for carrying out ICE's immigration detention and removal operations in Alaska, Oregon, and Washington State. As Director, Defendant Asher oversees the Seattle Field Office's functions and implementations of its detention standards.

4.7	Defendant Bryan Wilcox is the Deputy Field Office Director for the Seattle Field Office of ICE.

Complaint for Injunctive and
Declaratory Relief
Page 3 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

4.8     As Field Office Director and Deputy Field Office Director, Defendants Asher and Wilcox oversee the Seattle Field Office's function and implementation of ICE detention standards at the TIPC.

4.9     Defendant Sheri Malakhova is the Clinical Director for ICE Health Services Corps at TIPC. As Clinical Director, Defendant Malakhova is employed by ICE and is responsible for making decisions regarding Plaintiff and healthcare protocols at the TIPC.

4.10    Defendants Pham, Johnson, Wolf, Asher, Wilcox, and Malakhova are sued only in their official capacities.

## V – FACTS

5.1     Defendants DHS, ICE, Pham, Johnson, Asher, Wolf, and Wilcox are detaining Victor Fonseca at TIPC, where at least seven guards have been infected with COVID-19 this year.

5.2     Victor Fonseca is a 39-year-old man seeking asylum in the U.S., from Venezuela, and has been detained at TIPC, under the custody of ICE since July 26, 2019.

5.3     Since Venezuela does not accept people deported from the U.S., Defendants plan to detain him indefinitely.

5.4     Victor Fonseca's immune system is compromised, and he is not able to effectively fend off viral illnesses. Continued detention by Defendants could result in Mr. Fonseca's death.

5.5     Defendants have failed to provide necessary medical treatment to Mr. Fonseca during their detention of him.

5.6     To protest Defendants' inhumane treatment and indefinite detention by Defendants, Mr. Fonseca declared a hunger strike on November 27, 2020.

5.7     The hunger strike is peaceful and is not disrupting management of the detention facility.

5.8     In retaliation for Mr. Fonseca's engaging in the hunger, Defendants have bullied, intimidated, threatened, and have plans to force feed Mr. Fonseca.

Complaint for Injunctive and
Declaratory Relief
Page 4 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

5.9     Force feeding violates the right to bodily integrity and the right to determine medical treatment for oneself.

5.10    Defendants' actions chill and deter Victor Fonseca's and others' exercise of First Amendment rights and interfere with the American people's ability to hear his story and effectively participate democratically in their government.

## VI – FIRST CAUSE OF ACTION: VIOLATION OF FREEDOM OF EXPRESSION

6.1     Plaintiff incorporates Paragraphs 1.1 – 5.10 (above) herein by reference.

6.2     The First Amendment guarantees Plaintiff the right of freedom of speech and freedom of expression.  Plaintiff exercised his right to these protected freedoms by engaging in a hunger strike to express his views about national immigration policies and how he was being treated at the TIPC.

6.3     Defendants violated Plaintiff's right of freedom of speech and expression by threatening force feeding in retaliation for his free speech activities.

6.4     Force feeding Plaintiff will violate Plaintiff's right of freedom of speech and freedom of expression.

6.5     Defendants actions and threatened actions chill, and will chill, Plaintiff's and others' right to freedom of speech and expression.

6.6     Defendants actions and threatened actions do not reasonably advance a legitimate institutional goal.

6.7     Plaintiff has suffered, and continues to suffer, irreparable injuries as a result of Defendants' policies, practices, and omissions and is entitled to injunctive relief to avoid further injury.

## VII – SECOND CAUSE OF ACTION: VIOLATION OF RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES

Complaint for Injunctive and
Declaratory Relief
Page 5 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

7.1 Plaintiff incorporate Paragraphs 1.1 – 6.7 (above) herein by reference.

7.2 The First Amendment guarantees Plaintiff the right to petition the government for redress of grievances.

7.3 Defendants violated Plaintiff's right to petition the government by threatening force feeding in retaliation for his attempts to bring his grievances to light.

7.4 Defendants' actions and threatened actions chill, and will chill, Plaintiffs' and others' right to freedom of speech and expression.

7.5 Defendants' actions and threatened actions do not reasonably advance a legitimate institutional goal.

7.6 Plaintiff suffers, has and will suffer, irreparable injuries as a result of Defendants' policies, practices, and omissions, and are entitled to injunctive relief to avoid further injury.

## VIII – THIRD CAUSE OF ACTION: VIOLATION OF THE RIGHT TO BODILY INTEGRITY

8.1 Plaintiff incorporates Paragraphs 1.1 – 7.6 (above) herein by reference.

8.2 The Fifth Amendment grants Plaintiff a liberty interest in bodily integrity, the right to determine what medical treatment shall be accepted or refused.

8.3 Defendants actions violate Plaintiff's liberty interest in bodily integrity, the right to determine what medical treatment shall be accepted or refused, and right to petition the government by force feeding him.

8.4 Defendants' actions and threatened actions do not reasonably advance a legitimate institutional goal.

8.5 Plaintiff will suffer irreparable injuries as a result of Defendants' actions and is entitled to injunctive relief to avoid further injury.

Complaint for Injunctive and Declaratory Relief
Page 6 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872

# PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that the Court:

1. Issue a temporary restraining order and preliminary relief enjoining Defendants, their subordinates, agents, employees, and all others acting in concert with them, from force feeding or threatening to force feed Plaintiff;

2. Issue a permanent injunction prohibiting Defendants, their subordinates, agents, employees, and all others acting in concert with them from force feeding or threatening to force feed Plaintiff;

3. Issue a permanent injunction prohibiting Defendants, their subordinates, agents, employees, and all others acting in concert with them from taking adverse action actions (including force feeding, segregation, separation, and isolation) against Plaintiff, based upon Plaintiff engaging in First Amendment activities, specifically including hunger striking;

4. Issue an order declaring the rights and obligations of the parties, including that Defendants' policies, practices, acts and omissions described in this Complaint violate Plaintiff's rights under the U.S. Constitution; and

5. Grant such further relief as the Court deems just and proper.

Dated this 30 of December, 2020.

Cha & Alexander Law Firm, P.S.

_____
Y. Junga Cha, WSBA No. 35147
Edward S. Alexander, WSBA No. 33818
Attorneys for Plaintiff

Complaint for Injunctive and
Declaratory Relief
Page 7 of 7.

Cha & Alexander Law Firm, P.S.
2319 Elm St. Bellingham, WA 98225
360-392-2872