UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTOR FONSECA,<br><br>                          Plaintiff,<br>      v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al.,<br><br>                          Defendants. | CASE NO. 20-6255 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on the Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt. 3. The Court has considered the pleadings filed in support of and in opposition to the motion and the remaining file. Oral argument has been requested but is not necessary to decide the motion.

On December 30, 2020, Plaintiff, an U.S. Immigration and Customs Enforcement ("ICE") detainee at the ICE Processing Center in Tacoma, Washington, filed this case, asserting his first amendment right to free speech and to petition the government and his fifth amendment right to bodily integrity are being violated in connection with the Defendants' alleged threats to

ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

force feed him to end his hunger strike.  Dkt. 1.  The Plaintiff maintains that his hunger strike is to protest the conditions of his confinement (related to the pandemic) and the fact of his detention.  *Id.*  The Plaintiff now brings the pending motion, seeking an emergency order "prohibiting force feeding and threats of force feeding."  Dkt. 3.

**Standard on Motion**.  Pursuant to Fed. R. Civ. P. 65 (b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Under Rule 65 (a), "the court may issue a preliminary injunction only on notice to the adverse party."  The Defendants received notice and filed a response (Dkt. 6) opposing the motion.

The standard to grant either a TRO or a motion for preliminary injunction is the same. *Los Angeles Unified Sch. Dist. V. United States Dist. Court,* 650 F.2d 1004, 1008 (9th Cir. 1980). Plaintiffs seeking a TRO or preliminary injunction must establish one of two tests. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).  The first test requires plaintiffs to show:  (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal quotation marks omitted*)).  Under the second variant of the Ninth Circuit's test for a TRO or preliminary injunction, the "sliding scale" version of the *Winter* standard, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing

than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

**Decision on Motion for TRO.**

The Plaintiff's motion for a TRO (Dkt. 3) should be denied. The Plaintiff has failed to make a sufficient showing on the second prong of both Ninth Circuit tests - that he is "likely to suffer irreparable harm in the absence of preliminary relief." While the Plaintiff asserts that the Defendants have threatened to force feed him, he does not dispute that they need a court order to do so. The Defendants indicate in their response that they have no plans to force feed the Plaintiff at this time. Dkt. 6. They state that while his eating patterns still constitute a hunger strike under their policies, the Plaintiff drinks Boost (a form of liquid nutrition) and occasionally eats peanut butter and jelly sandwiches. *Id.* Further, the parties dispute whether the Defendants have threatened to force feed the Plaintiff. Even if the Defendants have threatened him, there is no indication that the Plaintiff has altered his conduct as a result. While not definitive, his continued commitment to his hunger strike undermines the Plaintiff's assertion that an emergency order is necessary at this time. The Plaintiff has not shown that he is "likely to suffer irreparable harm in the absence of [the] preliminary relief" that he seeks here.

Additionally, it is unclear whether the Plaintiff will succeed on the merits of his claims or whether there are serious questions going to the merits. The Defendants argue that the Plaintiff's claims are not yet ripe (relying on their assertions that they have no current intention to force feeding the Plaintiff and have not threatened to do so). Dkt. 6. The Court should not rule on this issue because the motion for a TRO should be denied on other grounds and because this issue has not been fully briefed (it was raised in a response). Further, the Defendants have not moved

to dismiss the for lack of ripeness.  Even if they had, it appears that the Plaintiff's claims for relief in the Complaint include more than just the threat of force feeding, for example, placing the Plaintiff in isolation.  Additionally, there appears to be a dispute as to whether the Defendants have been threatening the Plaintiff with force feeding.  "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010)(*internal quotation marks and citation omitted*).  "Through avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in abstract disagreements." *Id.* It is not yet clear that the disagreement at issue is "abstract;" it is also not clear that the Plaintiff is likely to succeed on the merits or that there are serious questions going to the merits.  The Court need not reach the remaining prongs of the test for a TRO.

        The motion for TRO (Dkt. 3) should be denied.

        **IT IS SO ORDERED**.

        The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

        Dated this 4th day of January, 2021.

        ROBERT J. BRYAN
        United States District Judge